IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN MCALLISTER,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNIVERSITY OF HAWAI`I;<br>KAPIOLANI COMMUNITY COLLEGE;<br>JANE CALFEE, Instructor at<br>Kapiolani Community College;<br>RICHARD DOE, Academic Counselor<br>at Kapiolani Community College;<br>JILL MAGNAGON, Director of<br>Academic Counseling at<br>Kapiolani Community College;<br>MONA LEE, Dean of Student<br>Services at Kapiolani Community<br>College,<br><br>    Defendants. | Civil No. CV 04 00625SOM BMK<br><br>MEMORANDUM IN SUPPORT OF<br>MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

### I. INTRODUCTION

By this motion, Defendant JANE CALFEE ("Defendant "CALFEE"), with good cause, respectfully moves for an order granting her leave to file up to five (5) motions *in limine* on the grounds that her trial counsel, upon recently entering its appearance in this case, has identified areas and/or subjects that should be excluded from introduction at trial. To protect Defendant CALFEE's interests, and to avoid unduly prejudicing her right to fairly defend her case, Defendant CALFEE requests that the instant motion be granted.

## II. RELEVANT FACTS

1. On October 19, 2004, Plaintiff JOHN McALLISTER commenced the instant action by filing a Complaint against the University of Hawaii, Kapiolani Community College, Defendant CALFEE, Jill Magnagon, and Mona Lee (collectively referred to as "Defendants").

2. The Office of Vice President for Legal Affairs and University General Counsel represented all Defendants in this matter until January 3, 2006 when Watanabe Ing & Komeiji LLP entered its appearance on behalf of Defendant CALFEE. See Withdrawal and Substitution of Counsel for Defendant Jane Calfee, filed on January 3, 2006, attached hereto as Exhibit "A".

3. Defendant CALFEE's recently retained attorneys identified several areas and/or subjects that should be excluded from introduction at trial, and accordingly the subject of motions *in limine*. See Affidavit of Gregg M. Ushiroda, Esq. ("Ushiroda Affidavit")

4. The deadline to file motions *in limine* to this Court apparently expired on October 25, 2005, over two months before Defendant CALFEE's attorneys entered their appearance in this case. See Ushiroda Affidavit.

5. The original deadline to file motions *in limine* appears to have been based upon an earlier trial date that has since been continued. See Ushiroda Affidavit.

- 2 -

6.  Defendant CALFEE would be unduly prejudiced if not allowed to at least attempt to exclude certain subjects/areas from introduction at trial.  See Ushiroda Affidavit.

### III. ARGUMENT

Rule 16 of the Federal Rules of Civil Procedure authorize parties to obtain "advance rulings from the court on the admissibility of evidence."  See Fed. R. Civ. P. 16(c)(3).  Although this Court earlier ordered a deadline of October 25, 2005 for submission of motions *in limine*, that deadline appears to have been based on an earlier trial date which has since been continued.  See Ushiroda Affidavit.

This Court has the authority to grant the instant request for leave pursuant to the following:

> When ... by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its **discretion** ... (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect...

Fed. R. Civ. P. 6(b) (emphasis added).

This Court thus has the discretion to grant Defendant CALFEE's request for leave to file motions *in limine* especially since such motions are viewed favorably as a "tool to resolve issues which would otherwise 'clutter up' the trial."  See Palmerin v. City of Riverside, 794 F.2d 1409, 1413 (9th Cir. 1986).  Counsel for parties are indeed **"encourage[d]** ... to bring

- 3 -

motions *in limine* on evidentiary questions ... [to] prevent disruptions at trial which could render the proceedings incoherent to the jurors." See Palmerin, 794 F.2d at 1413 (citations omitted)(emphasis added); see also 3 Moore's Federal Practice § 16.77[4][d][i] and [ii] (3d ed. 2005) (Parties should file motions *in limine* prior to the commencement of trial to narrow the scope of the issues and/or evidence to be presented at trial, and to assist the parties in the preparation of their respective cases).

Defendant CALFEE has good cause to request leave to file motions *in limine*. As stated above, counsel for Defendant CALFEE only entered its appearance on Defendant CALFEE's behalf on January 3, 2006. Upon its recent entry into the case, counsel for Defendant CALFEE identified several areas/subjects that would be unduly prejudicial to Defendant CALFEE's ability to fairly defend her case if such areas/subjects are introduced at trial. By allowing Defendant CALFEE to file a reasonable number of motions *in limine*, this Court would allow Defendant CALFEE at least the opportunity to exclude such evidence, and to possibly narrow the scope of the issues and/or evidence to be introduced at trial, thus concurrently promoting fairness and judicial economy.

## IV. CONCLUSION

For the foregoing reasons, Defendant CALFEE respectfully moves this Honorable Court for leave to file no more than five (5) motions *in limine* in this matter.

DATED: Honolulu, Hawaii, _____JAN 0 9 2006_____.

_____
JOHN T. KOMEIJI
GREGG M. USHIRODA
KAREN Y. ARIKAWA
Attorneys for Defendant
**JEAN CALFEE**

- 5 -