WALTER S. KIRIMITSU 333-0
  University General Counsel
RUTH I. TSUJIMURA 1860-0
  Deputy General Counsel
RYAN M. AKAMINE 4358-0
  Associate General Counsel
ryan.akamine@hawaii.edu
CHRISTINE TAMASHIRO 7565-0
  Assistant General Counsel
christine.tamashiro@hawaii.edu
University of Hawai'i
2444 Dole Street, Bachman Hall 110
Honolulu, Hawai'i 96822
Telephone:  (808) 956-2211
Facsimile:  (808) 956-2109

Attorneys for Defendants
UNIVERSITY OF HAWAI'I,
KAPIOLANI COMMUNITY COLLEGE,
JILL MAKAGON (incorrectly identified
as Jill Magnagon, nka Jill Abbott) abd
MONA LEE

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| JOHN MCALLISTER, | ) CIVIL NO. CV 04-00625 JMS BMK |
| | ) |
| Plaintiff, | ) DEFENDANTS UNIVERSITY OF |
| | ) HAWAI', KAPI'OLANI |
| v. | ) COMMUNITY COLLEGE, JILL |
| | ) MAKAGON (incorrectly identified as |
| UNIVERSITY OF HAWAI'I; | ) Jill Magnagon) and MONA LEE's |
| KAPIOLANI COMMUNITY | ) MEMORANDUM IN OPPOSITION |
| COLLEGE; JANE CALFEE, Instructor | ) TO PLAINTIFF'S MOTION TO |
| at Kapiolani Community College; | ) STRIKE DEFENDANTS' |
| RICHARD DOE, Academic Counselor | ) INCOMPLETELY IDENTIFIED |
| at Kapiolani Community College; JILL | ) WITNESSES 12-35, FILED |
| MAGNAGON, Director of Academic | ) JANUARY 18, 2006; CERTIFICATE |

| | |
|---|---|
| Counseling at Kapiolani Community College; MONA LEE, Dean of Student Services at Kapiolani Community College, | ) OF SERVICE<br>)<br>) *Hearing*<br>) Date:  February 10, 2006<br>) Time:  2:00 p.m. |
| Defendants. | ) Judge:  Hon. Barry M. Kurren<br>) |

04-357/                                                            *Trial date: March 7, 2006*

**DEFENDANTS UNIVERSITY OF HAWAI'I, KAPI'OLANI COMMUNITY COLLEGE, JILL MAKAGON (incorrectly identified as Jill Magnagon) and MONA LEE's MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' INCOMPLETELY IDENTIFIED WITNESSES 12-35, FILED JANUARY 18, 2006**

Defendants UNIVERSITY OF HAWAI'I, KAPI'OLANI COMMUNITY COLLEGE, JILL MAKAGON (incorrectly identified as Jill Magnagon, nka Jill Abbott) and MONA LEE (collectively referred to as "Defendants") hereby submit their memorandum in opposition to Plaintiff's Motion to Strike Defendant's Incompletely Identified Witnesses 12-35, filed January 18, 2006 ("Motion to Strike").

Plaintiff's Motion to Strike must be denied because it is untimely, there is no demonstrated disadvantage to Plaintiff, and because federal and state laws prohibit Defendants from disclosing the witnesses' personal information (i.e. addresses and phone numbers) without a court order or lawfully issued subpoena.

**I.    FACTUAL BACKGROUND**

1.    On September 21, 2005, Defendants filed and served upon Plaintiff their Rule 26 Disclosures ("Rule 26 Disclosures").

2

  2. On January 18, 2006, Plaintiff filed his Motion to Strike. Plaintiff moves to strike witnesses numbered 12 through 35 in the Rule 26 Disclosures. Plaintiff claims that he is at a great disadvantage not being able to contact and communicate with witnesses 12 through 35.

  3. Prior to January 18, 2006, Plaintiff has never raised the issue of his inability to contact or communicate with witnesses 12 through 35 in the Rule 26 Disclosures. Plaintiff has never expressed to Defendants a desire to communicate with witnesses 12 through 35, nor has Plaintiff ever requested from Defendants' any contact information for witnesses 12 through 35. Plaintiff has never served Defendants with requests for interrogatories or for production of documents seeking the addresses and phone numbers for the witnesses. Plaintiff has not filed any motion with the Court requesting contact information for said witnesses.

## II. ARGUMENT

### A. Plaintiff's Motion to Strike is Untimely.

Federal Rules of Civil Procedure 26 (f) requires a party to file a motion to strike within 20 days after the service of the pleading to which the party has an objection. Defendants filed and served their Rule 26 Disclosures on September 21, 2005. Thus, Plaintiff had until October 11, 2005 to file his motion to strike. Plaintiff filed his motion to strike more than 3 months after the date by which he was required to file his motion to strike.

On January 18, 2006, Plaintiff, for the first time, claimed that he is at a "great disadvantage [ ] not being able to contact and communicate with these proposed witnesses." However, prior to January 18, 2006, Plaintiff has never communicated to Defendants a desire to contact the witnesses, nor has Plaintiff requested any contact information for those witnesses. Plaintiff's claim of prejudice which he is raising for the first time now – months after the Rule 26 Disclosures were filed and served – appears disingenuous. Neither Plaintiff's actions (or lack thereof) or his arguments demonstrate that Plaintiff (1) attempted to contact or communicate with witnesses or that (2) Plaintiff is indeed at a great disadvantage because of his alleged inability "to contact and communicate with the proposed witnesses." Plaintiff had ample opportunity to file a motion objecting to the witnesses, but failed to do so until recently. Plaintiff's Motion to Strike is untimely and should be denied.

    **B.    Defendants are Required by Federal and State Laws to Protect the Privacy of Students and Were Prohibited by Law from Disclosing the Addresses and Phone Numbers of Witnesses 12-35 on their Rule 26 Disclosures.**

The Family Educational Rights and Privacy Act ("FERPA"), codified in 20 U.S.C. § 1232g, as amended (and implemented by 34 C.F.R. §§ 991.1-99.67), Hawai'i Administrative Rules 20-20, and Hawai'i Revised Statutes Chapter 92F require Defendants to protect the privacy of students and prohibit the disclosure of student information without proper consent. Witnesses 12 through 35 are or were

4

students at Kapiʻolani Community College.

Pursuant to 34 C.F.R. § 99.30, Defendants may disclose personally identifiable information from the student's education records only upon the request of and the prior consent of the student or a parent (if the student is under the age of 18). In limited circumstances, as enumerated in 34 C.F.R. § 99.31, Defendants are permitted to disclose student information without the student's or parent's prior consent. 34 C.F.R. §99.31 (9)(i) permits Defendants to make disclosures of student information if it is to comply with a judicial order or lawfully issued subpoena. However, even if disclosure is made pursuant to 34 C.F.R. § 99.31 (9)(i), Defendants are still required to make reasonable effort to notify the student or parent of the judicial order or subpoena in advance of compliance so that the parent or student may seek protective action. *See* 34 CFR § 99.31 (9) (ii). Thus, Defendants must be allowed a reasonable period of time to notify the student or parent before it complies with the judicial order or lawfully issued subpoena.

Thus, Defendants, as mandated by federal and state laws, are prohibited from disclosing the addresses and contact numbers for witnesses 12 through 35 on their Rule 26 Disclosures, particularly when pleadings and court filings are available to the general public. If Plaintiff had communicated to Defendants a desire to communicate with witnesses 12 through 35, Defendants could have informed Plaintiff of the procedures and/or laws applicable to disclosures of the

witnesses' contact information. However, Plaintiff has never expressed to Defendants a desire to contact witnesses 12 through 35. Plaintiff has never served Defendants with any requests for interrogatories or for production of documents seeking the students' contact information. In short, Plaintiff has never before raised the issue of his inability to contact or communicate with witnesses 12 through 35.

Defendants are willing to provide Plaintiff with the students' contact information, subject to the requirements of FERPA and other applicable federal and state laws, if a properly issued judicial order or lawfully issued subpoena requires disclosure of the students' addresses and contact information.

## III.  **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike.

Dated: Honolulu, Hawaii,  February 2, 2006         .

> _/s/_
> ——————————————
> RUTH I. TSUJIMURA
> RYAN M. AKAMINE
> CHRISTINE TAMASHIRO
> Attorneys for Defendants
> UNIVERSITY OF HAWAI'I,
> KAPI'OLANI COMMUNITY
> COLLEGE, JILL MAKAGON
> (incorrectly identified as Jill
> Magnagon, nka Jill Abbott) and
> MONA LEE

6