**ORIGINAL**

ANDRE' S. WOOTEN        3887
Attorney And Counselor At Law
1188 Bishop Street,    Suite 1909
Honolulu, Hawaii             96813
Telephone:        (808) 545-4165

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 29 2006

at 10 o'clock and 09 min. ℗ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN McALLISTER; | ) | CIVIL NO. CV-04-00625 SOM-BMK |
| Plaintiff, | ) ) | PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR TEMPORARY |
| vs. | ) ) | RESTRAINING ORDER AND PRELIMINARY INJUNCTION; DECLARATION |
| UNIVERSITY OF HAWAII; KAPIOLANI COMMUNITY COLLEGE; JANE CALFEE, Instructor at Kapiolani Community College; RICHARD DOE, Academic Counselor at Kapiolani Community College; JILL MAGNAGON, Director of Academic Counseling Services at Kapiolani Community College; MONA LEE, Dean of Student Services Kapiolani Community College, | ) ) ) ) ) ) ) ) ) ) ) | OF JOHN MCALLISTER: EXHIBITS A-H; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT IN OF INJUNCTION;  Hearing Date: _____ Time: _____ Judge:  J. Michael Seabright |
| Defendants. | ) ) | TRIAL:    August 18, 2006 CERTIFICATE OF SERVICE |

<u>**NOTICE OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**</u>

TO:   THE OFFICE OF THE ATTORNEY GENERAL:
MARK J. BENNETT, ESQ.
NELSON NABETA, ESQ. Deputy A.G.
State of Hawaii
235 Beretania Street, 15th Floor
Honolulu, HI 96813

Attorneys for Defendant

STATE OF HAWAII DEPARTMENT OF EDUCATION

WATANABE, ING & KAWASHIMA
Atty. John Komeiji, Esq.
Suite 2600, King & Bishop
First Hawaiian Bank Bldg.
Honolulu, Hawaii   96813

Attorney for Defendant Jane Calfee,

NOTICE IS HEREBY GIVEN that the following Motion For A Temporary Restraining Order and Preliminary Injunction shall come on for hearing before the Honorable _____, Judge of the Above-Entitled Court in his Court Room, at 300 Ala Moana Boulevard, on _____, at _____.m, or as soon thereafter as counsel may be heard.

DATED:    Honolulu, Hawaii,   May 26, 2006.

ANDRE' S. WOOTEN
Attorney for Plaintiff
JOHN McALLISTER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN McALLISTER; ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNIVERSITY OF HAWAII; ) <br> KAPIOLANI COMMUNITY COLLEGE; ) <br> JANE CALFEE, Instructor at ) <br> Kapiolani Community College; ) <br> RICHARD DOE, Academic Counselor ) <br> at Kapiolani Community College; ) <br> JILL MAGNAGON, Director of ) <br> Academic Counseling Services at ) <br> Kapiolani Community College; ) <br> MONA LEE, Dean of Student Services ) <br> Kapiolani Community College, ) <br> ) <br> Defendants. ) <br> ) | CIVIL NO. CV-04-00625 SOM-BMK <br><br> PLAINTIFF'S MOTION FOR TEMPOR-ARY RESTRAINING ORDER & PRELIMINARY INJUNCTION INJUNCTION |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Comes now Plaintiff John McAllister, by and through his attorney of record, André S. Wooten, who hereby files this Memorandum in MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION against Defendants Jane Calfee, Jill Makdagon and Mona Lee and the University of Hawaii to Prevent Permanent Damages to Plaintiff caused by actions taken by the Defendants recently and maliciously unnecessarily against the Plaintiff designed to deny him the opportunity to continue his publicly funded education.

1.

Defendant Mona Lee has continued to deny Plaintiff an equal educational opportunity, by recently barring Plaintiff's registration for the next quarter, this Summer 2006,

due to over charges which occurred, for courses which Plaintiff was bared from attending, like Jane Calfee's English 100 course, for complaining about discriminatory treatment at KCC. Furthermore failing grades which should never have been imposed, and should have been corrected or are the effects of past discrimination and the fruit of the poisonous tree and discrimination and retaliation, are suddenly now being added to Plaintiff's U of H Manoa record, years later.   See John Morton letter stating grades would be corrected , tutors found and Doctor's letter and Dean Lee confirmation that Plaintiff's course attendance excused.   Exhibits A,B,C,D,E,F,G & H.

  The $1200 extra cost bill was created due to the hostile racially discriminatory educational environment UH Diamond Head-KCC campus that U. S. Army veteran John McAllister was subjected to when he attempted to utilize his V.A. college education benefits at Kapiolani Community College.   These were charges for courses that Plaintiff was not fairly treated in and excluded participating in, for for which the Veteran's Administration paid.   So, the V.A. would not pay for Plaintiff to take them over, which he agreed to do and did.   Plaintiff could not work during the summer, as planed due to his exclusion from Jane Calfee's English class and other courses, so these funds were for food and living expenses, while he retook the courses.   See Declaration of John McAllister.

  Now,  while Plaintiff has paid the original $1200 loan debt down to $750.00 Defendant Mona Lee informed Plaintiff that she will no longer accept monthly payments of $50.00 like she has for the last year to satisfy this debt.   Which is clearly not only unreasonable but clearly malicious.   $750.00 is not make or break UH-KCC, but freezing Plaintiff's transcripts prevents him from registering for further college courses, which he is eligible and qualified to attend, and for which the U.S. Veteran's Administration is willing to apply his V.A.

benefits. Specifically immediately at Hawaii Pacific University, but they need to see Mr. McAllister's U of H system credits, the ones he earned after he left UH-KCC and UH Honolulu Community College and U H Manoa, last quarter.

Plaintiff was wrongfully taken out of an English 100 class after complaining rightfully that teacher Jane Calfee makes discriminatory statements utilizing a racial slur and then denied U. S. Army veteran John McAllister his first Amendment and Academic Freedom rights, as defined by U of H policy, to debate and express his opinion after a teacher or other class participant brings up the subject of racial slurs for African-American citizens. See, Ex A,,B,C . Mr. McAllister was then assigned a failing grade for the English 100 course maliciously, when he should have been left in the course he chose or withdrawn without any penalty. As Jan Calfee's racist behavior was not his fault, and he certainly did not receive the benefit of his Federally paid for educational contract under Title VI, as he was denied an equal opportunity for a Federally funded public education, when they gave him a F after withdrawing him from a class in which he complained of racial slurs and improper use of the "N...r" word by the teacher Jane Calfee. Assigning Plaintiff an F for that course, under these circumstances is malicious retaliation in violation of his right to non-discriminatory public education.

Purporting to bar the only black student from expressing his opinion on the essay and teacher's use and erroneous interpretation of the "N....r" word racial slur, violates Mr. Mcallister's right to Academic Freedom under U H's own policy.

This was not just one isolated incident of racial discrimination. Plaintiff was also subjected to the Tutor discrimination in the Holumua Center, as well as the frequent racist articles in the School newspaper using the "N...r" word racial slur to the embarrassment and harassment of all of the African-American students who came to the HCC campus simply to get an education.

Only to be confronted with base racial slurs in classes and in printed school newspapers, and discriminatory treatment when attempting to access school educational facilities. Tutoring services paid for by the V.A. were promised but never actually arranged. Which taken altogether clearly created a hostile and racist environment for the black students to attempt to learn in at KCC in 2003.

The immediate problem, however, is the bar to Plaintiff's continued enrollment in Summer School at U of H Manoa, where he was been doing well, and earning a 3.0 GPA, due to Defendant Mona Lee's imposition of funds for over charges which are the subject of this litigation in the amount of $750.    See E-mail dated March 3,   2006, Ex A-D,H.   from Mona Lee.

Furthermore, the failure of KCC to erase falsely attributed failing grades to Plaintiff, for times which he was bared from campus due to threats of retaliation for having made complaints of discrimination in the Honomua Center Tutor incident and English 100 "N....r"  incident and told to stay away from campus for his own safety and to defuse the situation, which Plaintiff had become known as a victim of discrimination and symbolic leader of the African-American students who also wrote letters to the editor complaining about the prevalent, irrelevant, irreverent and hateful messages broadcast by Jason Hong's series of articles all using the "N....r' word racial slur for shock value.  Ex  E.   Which in turn lead to an increase in the use of the racial slur on campus and in class, which did not go unnoticed or objected to.    Plaintiff even re-took the courses, listing as "incompletes" but the Defendants refuse to list the new grade and post the F.

Therefore, Plaintiff's request that the court issue an immediate order lifting the bar to his registration and continuation of V.A. Education benefits including room and board and living expenses and his work-study job, and re-instating the $50.00 per month repayment agreement of this debt.  Allowing Plaintiff to pay the $750.00 balance off in $50.00 a month installments, as he

had been doing, rather than accelerating the total maliciously, to intimidate and impoverish the Plaintiff right before the August 2006 trial date, which was continued from the March date, due to the convenience of the Defendants.

Plaintiff will suffer irreparable have to his well-being, as well as his college career should the bar to registration and "freezing of Plaintiff's transcripts", be allowed to persist. This action is unwarranted, and transparently malicious on the part of the Defendants, hence Plaintiff prays for the court's relief, so that Plaintiff can continue with his college education and attain graduation, despite the Defendant's impediments.

This Motion is based upon Rule 7 of the Federal Rules of Civil Procedure and **LR10.2.(g)** the Notice of Motion and Motion A Temporary Restraining Order and Preliminary Injunction to Prevent Permanent Damages to Plaintiff caused by actions taken by the Defendants illegally against the Plaintiff, by barring the Defendants from Suspending Plaintiff without pay, and a Declaration of Counsel, Exhibits A to H, the attached Memorandum of Points and Authorities in Support of Motion attached hereto, the court records and files of this case, any Reply the Plaintiff may make and such further evidence as may be presented prior to are at a hearing upon this Motion.

DATED:    Honolulu, Hawaii   May 28, 2006

ANDRE' S. WOOTEN
Attorney for Plaintiff