WALTER S. KIRIMITSU 333-0
  University General Counsel
RUTH I. TSUJIMURA 1860-0
  Deputy General Counsel
RYAN M. AKAMINE 4358-0
  Associate General Counsel
ryan.akamine@hawaii.edu
CHRISTINE TAMASHIRO 7565-0
  Assistant General Counsel
christine.tamashiro@hawaii.edu
University of Hawai'i
2444 Dole Street, Bachman Hall 110
Honolulu, Hawai'i 96822
Telephone:  (808) 956-2211
Facsimile:  (808) 956-2109

Attorneys for Defendants
UNIVERSITY OF HAWAI'I,
KAPIOLANI COMMUNITY COLLEGE,
JILL MAKAGON (incorrectly identified
as Jill Magnagon, nka Jill Abbott) and
MONA LEE

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| JOHN MCALLISTER, | ) | CIVIL NO. CV 04-00625 JMS BMK |
| | ) | |
| Plaintiff, | ) | DEFENDANTS' UNIVERSITY OF |
| | ) | HAWAI'I, KAPIOLANI |
| v. | ) | COMMUNITY COLLEGE,  JILL |
| | ) | MAKAGON (incorrectly identified as |
| UNIVERSITY OF HAWAI'I; | ) | Jill Magnagon, nka Jill Abbott) and |
| KAPIOLANI COMMUNITY | ) | MONA LEE'S FINAL PRETRIAL |
| COLLEGE; JANE CALFEE, Instructor | ) | STATEMENT; CERTIFICATE OF |
| at Kapiolani Community College; | ) | SERVICE |
| RICHARD DOE, Academic Counselor | ) | |
| at Kapiolani Community College; JILL | ) | *Trial date:  August 8, 2006* |
| MAGNAGON, Director of Academic | ) | |

Counseling at Kapiolani Community    )
College; MONA LEE, Dean of Student )
Services at Kapiolani Community      )
College,                            )
                                   )
               Defendants.      )
_____ )

04-357/

## DEFENDANTS' UNIVERSITY OF HAWAI'I, KAPI'OLANI COMMUNITY COLLEGE, JILL MAKAGON (INCORRECTLY IDENTIFIED AS JILL MAGNAGON NKA JILL ABBOT) AND MONA LEE'S FINAL PRETRIAL STATEMENT

Defendants' University of Hawai'i ("University"), Kapi'olani Community College, Jill Makagon ("Makagon") (incorrectly identified as Jill Magnagon, nka Jill Abbott) and Mona Lee ("Lee") (collectively referred to as "Defendants") hereby submit their Final Pretrial Statement pursuant to LR 16.6.

**(a) Party.**

This Pretrial Statement is filed on behalf of Defendants.

**(b) Jurisdiction and Venue.**

In his complaint, Plaintiff claims the following grounds for federal jurisdiction:

> 7.     The Plaintiff invokes the original and pendent jurisdiction of this Court pursuant to the common law and 42 U.S.C § 1981, 42 US.C. § 1982, 42 U.S.C. §1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and 42 U.S.C. § 2000e-5(f). Additionally, the amount in controversy is substantially in excess of $75,000.00 pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a)(1).
>
> 8.     The Plaintiff also invokes the pendent jurisdiction

2

of this Court. This is an action authorized and instituted pursuant to the Civil Rights Act of 1866 and Title VI of the Civil Rights Act of 1964, 1968, 1972, as amended, and by 42 U.S.C. § 1981A, 42 U.S.C. § 1988 and §§ 451, 1331, 1337, and 1343 of Title 28, United States Code.

9.      Federal Constitution and Civil Rights law violations confer original jurisdiction upon this court pursuant to Federal Civil Rights Law pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343(3) and under pendant jurisdiction with respect to the causes of action arising under state common law and statutes pursuant to Title 28 U.S.C. and tort. The jurisdiction of the Court is invoked to secure the protection of Civil Rights and to redress deprivation of rights, privileges, and immunities secured by a) 14th Amendment to the United States Constitution, Section 1; b) the Commerce Clause, Article 1, Section 8, Clause 3 of the United States Constitution; c) Title 2 of the Civil Rights Act of 1964, 78 STAT 243, 42 U.S.C. § 2000(a) at seq. Providing for injunctive relief against discrimination and places of public accommodation; and d) 42 U.S.C. §1981, providing for the equal rights of citizens and all persons within the jurisdiction of the United States.

Defendants dispute the applicability and appropriateness of the provisions that Plaintiff claims form the basis of jurisdiction.

**(c) Substance of Action.**

Plaintiff alleges race discrimination, infliction of emotional distress, and punitive damages.  The following are the causes of action as stated by the Plaintiff against Defendants:

1.      Count I:  Violation of Fourteenth Amendment, Title VI, § 901(a),

20 U.S.C. § 161(a) [sic]

3

2.    Count II:  Intentional Infliction of Emotional Distress

3.    Count III:  Violation of 42 U.S.C. §§ 1981 & 1981A

4.    Count IV:  Violation of 42 U.S.C. § 1983

5.    Count V:  Violation of 42 U.S.C. § 1985

6.    Count VI:  Punitive Damages

Defendants assert that there was no discrimination or infliction of emotional distress.  Defendants pled the following defenses:

1.    The Complaint fails to state a claim against Defendants upon which relief can be granted.

2.    Plaintiff's claims are barred by the sovereign immunity of the State of Hawai'i.

3.    The University of Hawai'i is immune from suit in federal court on Plaintiff's claims by the Eleventh Amendment of the United States Constitution.

4.    Plaintiff lacks standing.

5.    Plaintiff failed to properly serve the Defendants with the complaint and summons.

6.    The court lacks personal jurisdiction over the Defendants.

7.    The court lacks subject matter jurisdiction.

8.    Defendants assert that venue is improper.

9.  Plaintiff's claims are barred by absolute and or qualified immunity.

10. Defendants' actions were protected by academic freedom.

11. Plaintiff's claims are barred by the applicable statute of limitations.

12. Defendants intend to rely upon any matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure and intend to seek leave to amend this answer to allege any such matters of which it may become aware during the course of discovery or trial of this action.

13. Plaintiff's claims against Defendants Jane Calfee, Jill Makagon (Incorrectly Identified As Jill Magnagon) and Mona Lee are barred by section 304-6 of the Hawai'i Revised Statutes.

14. Plaintiff has failed to exhaust the applicable administrative remedies.

15. Defendants assert that their conduct and statements, insofar as they relate to any matter or issue raised by the Plaintiff in the Complaint, were not the legal or proximate cause of any injury allegedly suffered by Plaintiff.

16. Defendants have not waived sovereign immunity from punitive damages under section 662-2 of the Hawai'i Revised Statutes.

17. Defendants have not waived sovereign immunity from

prejudgment interest under section 662-2, Hawai'i Revised

Statutes.

On October 26, 2005, the Court issued its Order Granting in Part and

Denying in Part Defendants' Motions for Judgment on the Pleadings ("Order").

A.    Claims remaining and/or dismissed as to Defendant University of

Hawai'i:

*Claims Dismissed:* Counts III, IV, and V

*Claims Remaining:* Count I

B.    Claims remaining and/or dismissed as to the individual Defendants in

their official capacity:

*Claims Dismissed:* Counts II, III, IV, V, and VI

*Claims Remaining:* to the extent that it is determined that Plaintiff has

alleged claims for prospective relief in his Complaint, then claims for

prospective relief in Counts III, IV and V remain pending.

C.    Claims remaining and/or dismissed as to the individual Defendants in

their personal capacity:

*Claims Dismissed:* Count II

*Claims Remaining:* Counts III, IV, V and VI

**(d) Undisputed Facts.**

1.    Plaintiff is and was a resident of the City and County of Honolulu, in

the State of Hawai'i.

2.    Defendant University of Hawai'i is the state university and is authorized as a body coporate pursuant to Chapter 304 of the Hawai'i Revised Statutes ("HRS").

3.    Kapiʻolani Community College ("KCC") is a community college within the University of Hawai'i system.

4.    Plaintiff was an African-American student at Defendant University of Hawai'i's Kapiʻolani Community College campus, and was a student in Defendant Calfee's English class.

5.    The University of Hawai'i receives funding from the State of Hawai'i and the United States government and is subject to applicable laws.

6.    The University of Hawai'i at Mānoa and KCC are located in the City and County of Honolulu in the State of Hawai'i.

7.    Defendant Jane Calfee is and was at all relevant times employed by Defendant University of Hawai'i, and acted within the scope and course of her employment.

8.    Defendant Jill Makagon nka Abbott is and was at all relevant times employed by Defendant University of Hawai'i, and acted within the scope and course of her employment.

9.    Defendant Mona Lee is and was at all relevant times employed by

Defendant University of Hawai'i, and acted within the scope and course of her employment.

10.     Defendant Calfee led a discussion in her English class on an essay written by author Gloria Naylor, entitled "The Meanings of a Word".

**(e) Disputed Factual Issues.**

1.     Defendants dispute all factual allegations by Plaintiff that he was discriminated against by Defendants, and/or that Defendants inflicted emotional distress against Plaintiff.

2.     Defendants dispute that they are responsible for the actions of Defendant Richard DOE.

3.     Defendants dispute that University of Hawai'i is responsible for the KCC student newspaper, the Kapio.

**(f) Relief Prayed.**

Plaintiff prays for monetary damages and injunctive relief.

**(g) Points of Law.**

Defendants dispute all of Plaintiff's claims with respect to liability and relief. Defendants' positions are as stated in DEFENDANT UNIVERSITY OF HAWAI'I'S MOTION FOR JUDGMENT ON THE PLEADINGS and DEFENDANTS JANE CALFEE, JILL MAKAGON AND MONA LEE'S MOTION FOR JUDGMENT ON THE PLEADINGS, both filed on June 15, 2005.

**(h) Previous Motions.**

On June 15, 2005, Defendants filed DEFENDANT UNIVERSITY OF HAWAI'I'S MOTION FOR JUDGMENT ON THE PLEADINGS and DEFENDANTS JANE CALFEE, JILL MAKAGON AND MONA LEE'S MOTION FOR JUDGMENT ON THE PLEADINGS. On October 26, 2005, the Court issued its Order Granting in Part and Denying in Part Defendants' Motions for Judgment on the Pleadings ("Order").

On May 29, 2006, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") seeking an order requiring Defendant Kapiolani Community College to lift a hold on his transcript and registration so that he can enroll in summer school or apply for admission to another university. On June 5, 2006, the Court held a hearing on Plaintiff's Motion. On June 7, 2006, the Court denied Plaintiff's Motion.

**(i) Witnesses to be Called.**

1.    John McAllister.  Will testify as to facts and circumstances of this case.

2.    Jane Calfee.  Will testify as to facts and circumstances pertaining to her classroom instruction.

3.    Jill Makagon nka Jill Abbott.  Will testify as to facts and circumstances pertaining to the Counseling Center, and other claims-

related issues.

4. Mona Lee. Will testify as to facts and circumstances of her involvement in this case, and other claims-related issues.

5. Leon Richards. Will testify as to facts and circumstances of his involvement in this case, and other claims-related issues.

6. John Morton. Will testify as to facts and circumstances of his involvement in this case, and other claims-related issues.

7. Sheila Rhodes. Will testify as to facts and circumstances pertaining to the Counseling Center, and other claims-related issues.

8. Gemma Williams. Will testify as to facts and circumstances pertaining to the Counseling Center, and other claims-related issues.

9. Jim Metz. Will testify as to facts and circumstances pertaining to his instruction of Plaintiff, and other claims-related issues.

10. Scott Damon. Will testify as to facts and circumstances pertaining to his instruction of Plaintiff, and other claims-related issues.

11. Francisco Acoba. Will testify as to facts and circumstances pertaining to his instruction of Plaintiff, and other claims-related issues.

12. Reyna Iwamoto. Will testify as to facts and circumstances pertaining to her assistance of Plaintiff, and other claims-related issues.

13. Laurie Hirohata. Will testify as to facts and circumstances pertaining

to her instruction of Plaintiff, and other claims-related issues.

14.    Mark Alexander.  Will testify as to facts and circumstances pertaining to his instruction of Plaintiff, and other claims-related issues.

15.    Naresh Pandya.  Will testify as to facts and circumstances pertaining to her instruction of Plaintiff.

16.    Max T. Chinen.  Will testify as to facts and circumstances pertaining to Defendant Calfee's classroom instruction.

17.    Jun Ho Choi.  Will testify as to facts and circumstances pertaining to Defendant Calfee's classroom instruction.

18.    Riaz Hirahara.  Will testify as to facts and circumstances pertaining to Defendant Calfee's classroom instruction.

19.    Derrick C. Ikehara.  Will testify as to facts and circumstances pertaining to Defendant Calfee's classroom instruction.

20.    Ian S. Jingao.  Will testify as to facts and circumstances pertaining to Defendant Calfee's classroom instruction.

21.    Colin W. Lau.  Will testify as to facts and circumstances pertaining to Defendant Calfee's classroom instruction.

22.    Anh Q. Le.  Will testify as to facts and circumstances pertaining to Defendant Calfee's classroom instruction.

23.    Katherine M. Loudon.  Will testify as to facts and circumstances

pertaining to Defendant Calfee's classroom instruction.

24.    Ashley A. McDonough.  Will testify as to facts and circumstances pertaining to Defendant Calfee's classroom instruction.

25.    Marci I. Nagasawa.  Will testify as to facts and circumstances pertaining to Defendant Calfee's classroom instruction.

26.    Jennifer H. Ohara.  Will testify as to facts and circumstances pertaining to Defendant Calfee's classroom instruction.

27.    Justin Hahn.  Will testify as to facts and circumstances pertaining to the articles and editorials written in the Kapi'o that are at issue in this case, and about events at the Holomua Center during the time frame of Plaintiff's claims.

28.    Drusilla Toa.  Will testify as to facts and circumstances pertaining to Defendant Calfee's classroom instruction.

29.    Wini Au.  Will testify as to facts and circumstances pertaining to the articles and editorials written in the Kapi'o that are at issue in this case.

30.    Dustin McDunn.  Will testify as to facts and circumstances pertaining to the articles and editorials written in the Kapi'o that are at issue in this case.

31.    Dennis Kawaharada.  Will testify as to facts and circumstances

pertaining to English studies at KCC during the time frame of
Plaintiff's claims.

32.    Frank Noji.  Will testify as to facts and circumstances pertaining to
English studies at KCC during the time frame of Plaintiff's claims.

33.    Harry Nakayama.  Will testify regarding the requirements and
curriculum of the Radiologic Technology program, and the
probability of Plaintiff entering the program.

34.    Marie Flores.  Will testify as to facts and circumstances pertaining to
events at the Holomua Center during the time frame of Plaintiff's
claims.

35.    Kenta Hiratasuka.  Will testify as to facts and circumstances
pertaining to events at the Holomua Center during the time frame of
Plaintiff's claims.

36.    Seth Joon Park.  Will testify as to facts and circumstances pertaining
to events at the Holomua Center during the time frame of Plaintiff's
claims.

37.    Naomi Miyagi.  Will testify as to facts and circumstances pertaining
to events at the Holomua Center during the time frame of Plaintiff's
claims.

38.    Loga Narayanasamy.  Will testify as to facts and circumstances

pertaining to events at the Holomua Center during the time frame of Plaintiff's claims.

39. Ruth Ann Nicholas. Will testify as to facts and circumstances pertaining to events at the Holomua Center during the time frame of Plaintiff's claims.

40. Jared Lau. Will testify as to facts and circumstances pertaining to his tutoring of Plaintiff.

41. Mary Beard. Will testify as to facts and circumstances pertaining to her instruction of Plaintiff.

42. Naresh Pandya. Will testify as to facts and circumstances pertaining to her instruction of Plaintiff.

43. Ron Dunn. Will testify as to facts and circumstances pertaining to his instruction of Plaintiff.

44. Achilles Gacis. Will testify as to facts and circumstances pertaining to his instruction of Plaintiff.

45. Irv Cohen. Will testify as to facts and circumstances pertaining to his assistance and instruction of Plaintiff, and other claims-related issues.

46. Joselyn Yoshimura. Will testify as to facts and circumstances concerning her assistance of Plaintiff as a counselor.

47. Gary D. Jackson, Director, Seattle Office, U.S. Dept. of Ed., Office

for Civil Rights. Will testify as to facts and circumstances concerning

Plaintiff's claims of discrimination, his office's investigation and

findings.

**(j) Exhibits, Schedules, and Summaries.**

1.    KCC's academic calendar. This document will help to establish the

time frame of the Plaintiff's complaints. The sponsoring witness

could be any of the individual Defendants.

2.    Handouts, schedules, class roster, reading materials, and other written

materials relating to and/or from Defendant Calfee's English class.

These documents will establish the requirements of the course,

students attending, and the required reading materials for the course.

The sponsoring witness will be Defendant Calfee.

3.    Course materials from English classes at other institutions of higher

education. These documents will establish that the required reading

materials for Defendant Calfee's English course were utilized by other

institutions and instructors, and were not discriminatory. The

sponsoring witness will be Defendant Calfee.

4.    Correspondence to Plaintiff by Defendants Lee, Calfee and/or

Makagon nka Abbott, and administrators from KCC, including former

Chancellor John Morton. These documents will show that Plaintiff

was not discriminated against by the Defendants. The sponsoring

witness will be the individual Defendants, and/or authors of the

correspondence.

5.    Financial aid documentation. These documents will show Plaintiff's

financial status with KCC. The sponsoring witness will be Defendant

Lee, Ryna Iwamoto, and/or Jocelyn Yoshimura.

6.    Academic records and transcript for Plaintiff. These documents will

show Plaintiff's academic status with KCC. The sponsoring witness

will be Defendant Lee.

7.    Letters from the Department of Education to Plaintiff. These

documents will show the results of investigations concerning

Plaintiff's complaints against the Defendants. The sponsoring witness

will be Plaintiff.

8.    Written statements by witnesses to the events at the Holomua Center

that are at issue in this case.

**(k) Further Discovery or Motions.**

Defendants expect to ask for Judgment as a Matter of Law pursuant to FRCP

Rule 50, after Plaintiff's case in chief.

**(l) Stipulations.**

Not applicable.

**(m) Amendments, Dismissals.**

Defendants request dismissal of individual defendants Makagon nka Abbott and Lee on the basis that Plaintiff's claims against these defendants are based on actions taken by them within the course and scope of their employment with the University of Hawai'i. Defendants also request dismissal of Plaintiff's claims as stated in DEFENDANT UNIVERSITY OF HAWAI'I'S MOTION FOR JUDGMENT ON THE PLEADINGS and DEFENDANTS JANE CALFEE, JILL MAKAGON AND MONA LEE'S MOTION FOR JUDGMENT ON THE PLEADINGS, both filed on June 15, 2005.

**(n) Settlement Discussion.**

On September 6, 2005, a settlement conference was held by Magistrate Judge Barry Kurren. The parties were unable to arrive at a settlement.

No further discussions relating to settlement have occurred since the settlement conference on September 6, 2005.

A settlement conference before Magistrate Kurren is scheduled for 2:00 p.m. on June 29, 2006.

**(o) Agreed Statement.**

Presentation of this action, in part, upon an agreed upon statement may be feasible.

**(p) Bifurcation, Separate Trial of Issues.**

A separate trial of specific issues may not be cost effective.

**(q) Reference to Master or Magistrate Judge.**

Reference of this proceeding to a magistrate judge was requested by Defendants at the early stages of litigation but was not agreed to by the Plaintiff. A statement as to whether presentation of the action or proceeding, in whole or in part, upon an agreed statement of facts is feasible and desired.

**(r) Appointment and Limitation of Experts.**

There are no expert witnesses in this case.

**(s) Trial.**

Jury selection with trial to follow is scheduled to begin on August 8, 2006 at 9:00 a.m.

**(t) Estimate of Trial Time.**

This case is scheduled to take 2 ½ weeks.

**(u) Claims of Privilege or Work Product.**

None.

**(v) Miscellaneous.**

Kapi'olani Community College and Plaintiff have tentatively agreed to a new loan repayment schedule for Plaintiff's outstanding loans through Kapio'lani Community College. Kapi'olani Community College is awaiting receipt of the new Promissory Note from Plaintiff.

Dated: Honolulu, Hawaii, _June 20, 2006_ .

RUTH I. TSUJIMURA
RYAN M. AKAMINE
CHRISTINE TAMASHIRO
Attorneys for Defendants
UNIVERSITY OF HAWAI'I,
KAPI'OLANI  COMMUNITY
COLLEGE, JILL MAKAGON
(incorrectly identified as Jill
Magnagon, nka Jill Abbott) and
MONA LEE

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOHN MCALLISTER, | ) CIVIL NO. CV 04-00625 JMS BMK |
| | ) |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| | ) |
| v. | ) |
| | ) |
| UNIVERSITY OF HAWAIʻI; | ) |
| KAPIOLANI COMMUNITY | ) |
| COLLEGE; JANE CALFEE, Instructor at | ) |
| Kapiolani Community College; | ) |
| RICHARD DOE, Academic Counselor at | ) |
| Kapiolani Community College; JILL | ) |
| MAGNAGON, Director of Academic | ) |
| Counseling at Kapiolani Community | ) |
| College; MONA LEE, Dean of Student | ) |
| Services at Kapiolani Community | ) |
| College, | ) |
| Defendants. | ) |
| | ) |

CERTIFICATE OF SERVICE

I hereby certify that on the dates noted below a true and correct copy

of the foregoing document was duly served upon the following electronically

through CM/ECF, by hand-delivery, or by United States first class mail (M),

addressed as follows:

*Served Electronically through CM/ECF:*

ANDRE S. WOOTEN, ESQ.                                    June 20, 2006
Email address:  Andre@AttyAndreWooten.com
        Attorney for Plaintiff JOHN MCALLISTER

*Served by U.S. First Class Mail:*

JOHN T. KOMEIJI, ESQ.                                  June 20, 2006
GREGG M. USHIRODA, ESQ.
KAREN ARIKAWA, ESQ.
23rd Floor, First Hawaiian Center
999 Bishop Street
Honolulu, Hawai'i 96813
Attorneys for Defendant JANE CALFEE
Email address: karikawa@wik.com

*Served by Hand-Delivery:*
N/A

DATED:    Honolulu, Hawai'i, _June 20, 2006_.

                                    RUTH I. TSUJIMURA
                                    RYAN M. AKAMINE
                                    CHRISTINE TAMASHIRO
                                    Attorneys for Defendants
                                    UNIVERSITY OF HAWAI'I,
                                    KAPI'OLANI COMMUNITY
                                    COLLEGE, JILL MAKAGON
                                    (incorrectly identified as Jill
                                    Magnagon, nka Jill Abbott) and
                                    MONA LEE

2