374093.3

WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership

JOHN T. KOMEIJI      #2498-0
GREGG M. USHIRODA    #5868-0
KAREN Y. ARIKAWA     #7684-0
23rd Floor, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii  96813
Telephone No.: (808) 544-8300
Facsimile No.: (808) 544-8399
E-Mail: gushiroda@wik.com

Attorneys for Defendant
  **JANE CALFEE**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN MCALLISTER, ) | **Civil No. CV 04 00625JMS BMK** |
| ) | |
| Plaintiff, ) | **DEFENDANT JANE CALFEE'S SECOND** |
| ) | **SUPPLEMENT TO PRETRIAL** |
| vs. ) | **STATEMENT; CERTIFICATE OF** |
| ) | **SERVICE** |
| UNIVERSITY OF HAWAI`I; ) | |
| KAPIOLANI COMMUNITY COLLEGE; ) | |
| JANE CALFEE, Instructor at ) | |
| Kapiolani Community College; ) | |
| RICHARD DOE, Academic Counselor ) | |
| at Kapiolani Community College; ) | JUDGE: Hon. Michael Seabright |
| JILL MAGNAGON, Director of ) | |
| Academic Counseling at ) | TRIAL DATE:  August 8, 2006 |
| Kapiolani Community College; ) | |
| MONA LEE, Dean of Student ) | |
| Services at Kapiolani Community ) | |
| College, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## DEFENDANT JANE CALFEE'S SECOND SUPPLEMENT TO PRETRIAL STATEMENT

       Comes now, Defendant JANE CALFEE, by and through her

attorneys, WATANABE ING & KOMEIJI, LLP, and pursuant to Rule 16.6

of the <u>Local Rules for the United States District Court for the District of Hawaii</u>, hereby submits her Second Supplement to the Pretrial Statement filed on August 30, 2005.

## I.    <u>Jurisdiction and Venue</u>.

Plaintiff JOHN McALLISTER ("Plaintiff"), alleges federal subject matter jurisdiction over claims brought under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 42 U.S.C. § 2000e-5(f), and 28 U.S.C. §§ 1331 and 1332(a)(1).  Although he never alleged it in his Complaint, in his Pretrial Statement filed on September 30, 2005, Plaintiff also alleged 42 U.S.C. § 1982 as an additional ground for federal jurisdiction.

Plaintiff alleges pendent jurisdiction over claims based upon 42 U.S.C. §§ 1981A and 1988, and 28 U.S.C. §§ 451, 1331, 1337 and 1343(3).

Plaintiff has not specified what bases there exists to establish proper venue in this Court.

Defendant CALFEE denies that Plaintiff has any valid claims to assert that jurisdiction and venue are properly with this Court.

## II.    <u>Substance of Action</u>

In the Complaint, Plaintiff alleged the following six causes of action against Defendant CALFEE: (1) Violation of Title VI of the Civil Rights Act of 1964, 78 Stat. 252, as amended, 42 U.S.C. § 2000 et seq.; (2) Intentional Infliction of Emotional

-2-

Distress; (3) Violation of 42 U.S.C. §§ 1981 ("equal rights under the law") & 1981A; (4) Violation of 42 U.S.C. § 1983 ("civil action for deprivation of rights"; (5) Violation of 42 U.S.C. § 1985 ("conspiracy to interfere with civil rights"); and (6) Punitive Damages.

Currently, only the following causes of action are pending against Defendant CALFEE in her **official capacity**:

    (1)    Cause of Action IV - Violation of 42 U.S.C. § 1983 – pending as to claim for prospective relief;

    (2)    Cause of Action V - Violation of 42 U.S.C. § 1985 – pending as to claim for prospective relief.

Moreover, the following causes of action are pending against Defendant CALFEE in her **individual capacity**:

    (1)    Cause of Action III - Violation of 42 U.S.C. §§ 1981 & 1981A

    (2)    Cause of Action IV - Violation of 42 U.S.C. § 1983

    (3)    Cause of Action V - Violation of 42 U.S.C. § 1985; and

    (4)    Cause of Action VI - Punitive Damages.

Defendant CALFEE defends her actions and asserts the following defenses:

1.    Plaintiff was not denied access to education by Defendant CALFEE because he was not told to leave her class, and he was given the opportunity to transfer to another English 100 class.

2.   The 11th Amendment bars state law claims against Defendant CALFEE in her official capacity.

3.   Qualified immunity applies to shield Defendant CALFEE from liability for causes of action asserted against her in her individual capacity.

4.   Plaintiff has no standing to seek prospective relief (i.e., declaratory and injunctive relief) because Plaintiff is not attending KCC and has represented to the Court that he has no intention of returning to KCC.

5.   All other defenses asserted and raised in the Answer to Complaint filed on December 23, 2004.

IV.   **Undisputed Facts**.

1.   In the summer of 2003, Defendant CALFEE was an instructor in a college literature class at Defendant University of Hawaii's branch campus, KCC, located on Diamond Head Road, Honolulu, Hawaii, and that this class met from June 7 to August 5, 2003, from 8:00 a.m. to 10:00 a.m., Monday through Friday, in the Iliahi Building, Room 205.

2.   Defendant CALFEE was and is employed as an instructor at KCC, and is a resident of the City and County of Honolulu in the State of Hawaii.

3.   Plaintiff was a student in one of Defendant CALFEE's English Composition classes.

4.    Defendant CALFEE led a discussion in one of her English Composition classes about an essay written by author Gloria Naylor entitled "The Meaning of a Word."

## V.    Disputed Factual Issues

All allegations of wrongdoing are denied and therefore disputed.  Defendant CALFEE denies that she violated any of Plaintiff's rights.  Defendant CALFEE also disputes any factual allegations that Plaintiff was denied access to education. Defendant CALFEE further denies that she inflicted emotional distress against Plaintiff.

## VI.   Relief Prayed

In the Complaint, Plaintiff prays for: (1) declaratory judgment that his civil rights have been violated; (2) preliminary and permanent injunction against the practice of racial discrimination and harassment; and (3) compensatory, special, statutory, liquidated, exemplary and punitive damages.

## VII. Disputed Points of Law.

Defendant CALFEE submits the following as the anticipated disputed points of law in this matter:

### A.    Cause of Action Under 42 U.S.C. § 1981

Plaintiff does not have a valid cause of action under 42 U.S.C. § 1981.  42 U.S.C. § 1981 provides:

> All persons within the jurisdiction of the
> United States shall have the same right in
> every State and Territory to make and enforce
> contracts, to sue, be parties, give evidence,

and to the full and equal benefit of all laws
and proceedings for the security of persons
and property as is enjoyed by white citizens,
and shall be subject to like punishment,
pains, penalties, taxes, licenses, and
exactions of every kind, and to no other.

42 U.S.C. § 1981(a) (2005).

To successfully bring a claim under § 1981, Plaintiff must establish that: (1) Plaintiff is a member of a protected class; (2) Plaintiff attempted to contract for certain services; and (3) Plaintiff was denied the right to contract for those services because he was a member of the protected class.[1] See Lindsey v. SLT Los Angeles, LLC, 432 F.3d 954, 959 (9th Cir. 2005); see also Odom v. Columbia University, 906 F. Supp. 188, 194 (S.D.N.Y. 1995) (holding that a plaintiff must establish: (1) plaintiff is a member of a racial minority; (2) the defendants intended to discriminate on basis of race; and (3) the discrimination concerned one or more activities enumerated in statute, such as to make and enforce contracts, sue and be sued, and give evidence); Baker v. McDonald's Corp., 686 F. Supp. 1474, 1481 (S.D. Fla. 1987), aff'd, 865 F.2d 1272 (11th Cir. 1988).

The Ninth Circuit has never applied § 1981 to claims of racial discrimination in non-employment contracts. See Lindsey, 432 F.3d at 959. Plaintiff, nevertheless cannot prevail on this cause of action because, as this Court found, Plaintiff's

---

[1] There is a fourth element, but the Ninth Circuit has not decided how to adapt it to non-employment contract cases. See Lindsey v. SLT Los Angeles, LLC, 432 F.3d 954, 959 (9th Cir. 2005).

allegations do not support a claim for intentional racial discrimination.  <u>See</u> Order Granting in Part and Denying in Part Defendants' Motions for Judgment on the Pleadings, filed October 26, 2005 at fn 8.  Plaintiff's reliance on § 1981 therefore lacks any basis in law or in fact.

**B.**   <u>**Cause of Action Under 42 U.S.C. § 1981a**</u>

Plaintiff cannot prevail on his 42 U.S.C. § 1981a cause of action against Defendant CALFEE because the plain language of § 1981a specifically limits its application to cases of involving employment discrimination.  <u>See</u> 42 U.S.C.A. §§ 1981a, 2000e-2, 2000e-3, 2000e-5, 2000e-16; <u>Bennett v. Calabrian Chemicals Corp.</u>, 324 F. Supp. 2d 815, 839 (E.D. Tex. 2004) (§ 1981a provides prevailing plaintiffs in intentional employment discrimination cases the ability to recover compensatory and punitive damages from defendants).

Section 1981a, entitled "Damages in Cases of intentional discrimination in employment", provides, in pertinent part:

> (a) Right of recovery
>
> (1) Civil rights
> In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C.A. §§ 2000e-5 or 2000e-16] against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act [42 U.S.C.A. §§ 2000e-2, 2000e-3, or 2000-16],

and provided that the complaining party
cannot recover under section 1981 of this
title, the complaining party may recover
compensatory and punitive damages as allowed
in subsection (b) of this section, in
addition to any relief authorized by section
706(g) of the Civil Rights Act of 1964, from
the respondent.

(b) Compensatory and punitive damages
(1) Determination of punitive damages
A complaining party may recover punitive
damages under this section against a
respondent . . . if the complaining party
demonstrates that the respondent engaged in a
discriminatory practice or discriminatory
practices with malice or with reckless
indifference to the federally protected
rights of an aggrieved individual.

42 U.S.C. §§ 1981a(a)(1) and (b)(1) (2005); <u>Hemmings v. Tidyman's</u>

<u>Inc.</u>, 285 F.3d 1174, 1197 (9th Cir. 2002).

Nowhere in Plaintiff's Complaint does he allege that

Defendant CALFEE, or any other defendant, employed him.

Accordingly, Plaintiff's § 1981a claim against Defendant CALFEE

should fail as a matter of law.  <u>See</u> 42 U.S.C. § 1981a; <u>Bennett</u>,

324 F. Supp. 2d at 839.

   C.   **Cause of Action Under 42 U.S.C. § 1983**

42 U.S.C. § 1983 provides:

Every person who, under color of any statute,
ordinance, regulation, custom, or usage, of
any State or Territory or the District of
Columbia, subjects, or causes to be
subjected, any citizen of the United States
or other person within the jurisdiction
thereof to the deprivation of any rights,
privileges, or immunities secured by the
Constitution and laws, shall be liable to the

-8-

> party injured in an action at law, suit in
> equity or other proper proceeding for redress
> . . . .

42 U.S.C. § 1983 (2005).

To establish a claim under § 1983, Plaintiff must allege and prove that (1) acts by defendants, (2) under color of state law, (3) deprived Plaintiff of federal rights, privileges or immunities and (4) caused Plaintiff damage. See Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho, 42 F.3d 1278, 1284 (9th Cir. 1994) (citations omitted).

Plaintiff cannot establish that Defendant CALFEE deprived him of any rights, privileges or immunities that are protected by the Constitution or federal laws. See Gonzaga Univ. v. Doe, 536 U.S. 273, 285 (2002); Epileptic Found. v. City and County of Maui, 300 F. Supp. 2d 1003, 1016 (D. Haw. 2004). First, the only right that Plaintiff claims to have been infringed was his alleged "contract rights to federally funded public higher education" which he never establishes that he even has. Moreover, the credible evidence reflects that Defendant CALFEE never prevented Plaintiff from continuing his education, either in her class or in the available alternative class.

For similar reasons, Defendant CALFEE is entitled to qualified immunity since "State officials are entitled to qualified immunity if their conduct did not violate clearly established statutory or constitutional rights of which a

-9-

reasonable person would have known." <u>See</u> <u>Shoshone-Bannock</u>

<u>Tribes</u>, 42 F.3d at 1285(citations omitted).  Again, there is no

evidence to establish that Defendant CALFEE prevented Plaintiff

from accessing his education.  Accordingly, there is no violation

of any purported right.

    D.   <u>**Cause of Action Under 42 U.S.C. § 1985(3)**</u>

       Plaintiff cannot prevail on his 42 U.S.C. § 1985(3)

cause of action against Defendant CALFEE because there is no

evidence that Defendant CALFEE was part of any conspiracy.  42

U.S.C. § 1985 (3) provides, in pertinent part:

> If two or more persons in any State . . .
> conspire . . . for the purpose of depriving,
> either directly or indirectly, any person or
> class of persons of the equal protection of
> the laws, or of equal privileges and
> immunities under the laws; or for the purpose
> of preventing or hindering the constituted
> authorities of any State . . . from giving or
> securing to all persons within such State . .
> . Territory the equal protection of the laws;
> . . . in any case of conspiracy set forth in
> this section, if one or more persons engaged
> therein do, or cause to be done, any act in
> furtherance of the object of such conspiracy,
> whereby another is injured in his person or
> property, or deprived of having and
> exercising any right or privilege of a
> citizen of the United States, the party so
> injured or deprived may have an action for
> the recovery of damages occasioned by such
> injury or deprivation, against any one or
> more of the conspirators.

       Stated otherwise, to establish a claim under § 1985(3),

Plaintiff must prove the following elements: (1) a conspiracy;

(2) the purpose of depriving, either directly or indirectly, any

-10-

person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of this conspiracy; and (4) a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.  See, e.g., Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

To prove the existence of a "conspiracy" under § 1985, Plaintiff must show an agreement or meeting of the minds by the defendants to violate Plaintiff's constitutional rights.  See Caldeira v. County of Kauai, 866 F.2d 1175, 1181 (9th Cir. 1989); see also Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996) ("[T]he plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement.") (internal brackets, quotation marks, and citation omitted).  There is no evidence of any conspiracy between Defendant CALFEE and the other parties.  Plaintiff's claim should fail on these grounds alone.

E.   **Punitive Damages**

Plaintiff cannot prevail on his common law claim for punitive damages against Defendant CALFEE.  To sustain a punitive damages claim pursuant to Medeiros v. Kondo, 55 Haw. 499, 522 P.2d 1269 (1974), Plaintiff must plead and prove by clear and convincing evidence that Defendant CALFEE acted with malice toward Plaintiff, and not for an otherwise proper purpose.  Id.,

at 505, 522 P.2d at 1272.  Here, Plaintiff has not set forth any

clear and convincing evidence that Defendant CALFEE acted with

malice.

VIII.  **Previous Motions**

    A.    **Defendants Jane Calfee, Jill Makagon and Mona Lee's**
          **Motion for Judgment on the Pleadings, filed 6/15/05**

        Defendants CALFEE, Jill Makagon, and Mona Lee filed a

Motion for Judgment on the Pleadings on June 15, 2005, arguing

that the claims against them were vague and conclusory; that the

claims against them in their individual capacities should be

dismissed; that Plaintiff's §§ 1981, 1981A, 1983, and 1985 claims

against them in their official capacities were barred by the 11th

Amendment; that the State law claims of intentional infliction of

emotional distress ("IIED") and punitive damages were barred by

Hawaii Revised Statutes ("H.R.S.") § 304-6 and the 11th

Amendment; that Defendants, in their individual capacities, had

qualified immunity; and that Plaintiff failed to state a prima

facie claim against Defendants for IIED or punitive damages.

        This motion was heard on October 3, 2005.  The Court

issued an Order Granting in Part and Denying in Part Defendants'

Motions for Judgment on the Pleadings on October 26, 2005.  The

Court granted the motion in part to dismiss Counts III, IV, V,

and VI to the extent that Plaintiff sought damages against the

defendants in their official capacities on the basis that the

11th Amendment barred these Counts.  The Court, however, found

that the 11th Amendment did not bar claims for prospective relief against state officials.  The Court therefore denied the motion in part as to Counts III, IV, and V to the extent Plaintiff sought prospective relief.

The Court granted the motion in part as to Counts II and VI against the defendants in their official capacities.

The Court also found that H.R.S. § 304-6 bars Count II against the defendants in their individual capacities.  However, the Court determined that the defendants were not entitled to qualified immunity.  The Court therefore granted the motion as to Count II, but denied the motion as to Counts III, IV, V, and VI against the defendants in their individual capacities.

**B.    Defendant University of Hawaii's Motion for Judgment on the Pleadings, filed 6/15/05**

Defendant UNIVERSITY OF HAWAII ("UH") filed a Motion for Judgment on the Pleadings on June 15, 2006 arguing that the Complaint is vague and conclusory as to all claims against Defendant UH, and that the 11th Amendment to the Constitution bars Plaintiff's §§ 1981, 1981A, 1983, and 1985 claims against it.  This motion was heard on October 3, 2005 at the same time with Defendants Jane Calfee, Jill Makagon and Mona Lee's Motion for Judgment on the Pleadings.  Please see the summary in the above section for the outcome of this motion.

### C. Plaintiff's Motion to Enlarge Time for Plaintiff to Name Expert Witness and Receive Expert Witness Report filed 8/8/05

On August 8, 2005, Plaintiff filed a Motion to Enlarge Time for Plaintiff to name Expert Witness and Receive Expert Witness Report, requesting additional time to name a literary expert witness in the area of racial slurs who Plaintiff allegedly was unable to contact earlier due to the expert's absence from the country. This Motion was heard on September 6, 2005, and then denied in the Order on Parties' Discovery Motions filed on September 27, 2005.

### D. Plaintiff's Motion to Compel Production of Documents or for Sanctions Against Defendant University of Hawaii, Kapiolani Community College, filed 8/9/05

Plaintiff filed a Motion to Compel Production of Documents or for Sanctions Against Defendant University of Hawaii, Kapiolani Community College on August 9, 2005, in order to obtain documents concerned DOE policies and course removal procedures and contracts, statements of witnesses to the alleged Richard "Doe" counseling center incident, and reports by John Morton and James Nishimoto. This Motion was heard on September 6, 2005 and then granted in the Order on Parties' Discovery Motions filed on September 27, 2005, as follows: (1) documents in Defendants' custody, control and possession that are responsive to Plaintiff's requests for documents and relevant to the case shall be furnished to Plaintiff; (2) the statements of students

-14-

who witnessed the alleged incident involving Richard Doe shall be furnished to Plaintiff; (3) documents requested of Defendants by Plaintiff but are not within Defendants' custody, control and possession shall be identified in writing to Plaintiff; and (4) the parties may file motions with the Court with respect to any disputes relating to the documents requested by Plaintiff.

**E.    Defendants' Motion to Strike Plaintiff's Designation of Expert Witness and to Preclude Expert Testimony at Trial, filed 8/17/05**

On August 17, 2005, Defendants filed a Motion to Strike Plaintiff's Designation of Expert Witness and to Preclude Expert Testimony at Trial, on the grounds that Plaintiff's disclosure of his expert witness, Dr. Kathryn Wdell-Takara, was untimely, failed to comply with Rule 26(b), was without substantial justification, and prejudicial to the Defendants.  This Motion was heard on September 6, 2005, and then granted in the Order on Parties' Discovery Motions filed on September 27, 2005.

**F.    Defendants University of Hawaii, Kapiolani Community College, Jane Calfee, Jill Makagon (incorrectly identified as Jill Magnagon nka Jill Abbott) and Mona Lee's Motion to Continue Trial filed 10/26/05**

On October 26, 2005, Defendants UH, KCC, CALFEE, Jill Makagon (incorrectly identified as Jill Magnagon nka Jill Abbott) and Mona Lee filed a Motion to Continue Trial on the grounds that a witness critical to the defense, former Chancellor of KCC John Morton, was unavailable to testify on the trial date.

-15-

G.   **Defendants Motion in Limine No. 1 to Preclude Testimony by Kathryn Waddell-Takara filed 10/28/05**

On October 28, 2005, Defendants UH, KCC, CALFEE, Makagon, and Lee filed Motion in Limine No. 1 to Preclude Testimony by Kathryn Waddell-Takara because Dr. Takara lacks the requisite personal knowledge and the proper foundation to offer any lay testimony at trial.  This motion is currently pending before the Court.

H.   **Defendants Motion in Limine No. 2 to Preclude Evidence**

On October 28, 2005, Defendants UH, KCC, CALFEE, Makagon, and Lee filed Motion in Limine No. 2 to Preclude Evidence, arguing that Plaintiff should be precluded from presenting evidence of UH's insurance policies and limits because such evidence is inadmissible under Federal Rules of Evidence Rules 403 and 411.  This motion is currently pending before the Court.

I.   **Defendants' Motion in Limine No 3 to Preclude Reference to Case Law**

On October 28, 2005, Defendants UH, KCC, CALFEE, Makagon, and Lee filed Motion in Limine No. 3 to Preclude Reference to Case Law, arguing that Plaintiff should be precluded from making references to legal cases, specifically State v. Hoshijo ex rel. White, 102 Hawaii 307, 76 P.3d 550 (Hawaii 2003), at trial in an attempt to improperly influence the jury.  This motion is currently pending before the Court.

### J.  Defendant CALFEE's Motion for Leave to File Motions in Limine filed 1/9/06

On January 9, 2006, Defendant CALFEE, through her present counsel, filed a Motion for Leave to File Motions in Limine to request leave to file additional motions in limine upon its trial counsel's recent appearance in the case.  The Court issued an Order Granting Defendant CALFEE's Motion for Leave to File Motions in Limine on February 1, 2006.  The Court noted in its Order that the trial would be continued.

### K.  Plaintiff's Motion to Strike Defendants' Incompletely Identified Witnesses 12-35, filed 1/18/06

Plaintiff filed a Motion to Strike Defendants' Incompletely Identified Witnesses 12-35 on January 18, 2006, requesting that all witnesses who did not have addresses listed in Defendants' Rule 26 Disclosures be stricken.  The Court denied the Motion at the hearing on February 13, 2006, and instructed Plaintiff to prepare an Order Denying Striking the Witnesses without Prejudice.  To date, no Order has been prepared.

### L.  Notice of Motion for Temporary Restraining Order and Preliminary Injunction, filed 5/29/06

On May 29, 2006, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction against all Defendants seeking an order that (1) releases his grades, records and transcripts; (2) allows him to register for courses at UH; (3) orders the School of Social Work at UH to re-evaluate his

application for enrollment without considering his failing grade; and (4) awards him attorneys' fees and costs.

The Motion was heard on June 5, 2006. The Court issued its Order Denying Motion for Temporary Restraining Order on June 8, 2006.

## IX. Witnesses to be Called

Defendant CALFEE may call the following witnesses at trial who are expected to testify as to liability and/or damages:

1. **John McAllister**
   c/o Andre S. Wooten, Esq.
   1188 Bishop Street, Suite 1909
   Honolulu, Hawaii 96813

2. **Jill Abbott**
   c/o Walter S. Kirimitsu, Esq.
   University of Hawaii
   2444 Dole Street, Bachman Hall 110
   Honolulu, Hawaii 96822

3. **Jane Calfee**
   c/o John T. Komeiji, Esq.
   Watanabe Ing & Komeiji LLP
   999 Bishop Street, 23rd Floor
   Honolulu, Hawaii 96813

4. **Mona Lee**
   c/o Walter S. Kirimitsu, Esq.
   University of Hawaii
   2444 Dole Street, Bachman Hall 110
   Honolulu, Hawaii 96822

5. **Sheila Rhodes**
   c/o Walter S. Kirimitsu, Esq.
   University of Hawaii
   2444 Dole Street, Bachman Hall 110
   Honolulu, Hawaii 96822

6.   **John Morton**
     c/o Walter S. Kirimitsu, Esq.
     University of Hawaii
     2444 Dole Street, Bachman Hall 110
     Honolulu, Hawaii 96822

7.   **Leon Richards**
     c/o Walter S. Kirimitsu, Esq.
     University of Hawaii
     2444 Dole Street, Bachman Hall 110
     Honolulu, Hawaii 96822

8.   **Francisco Acoba**
     c/o Walter S. Kirimitsu, Esq.
     University of Hawaii
     2444 Dole Street, Bachman Hall 110
     Honolulu, Hawaii 96822

9.   **Max T. Chinen**
     1740 Glen Ave
     Wahiawa, Hawaii 96786

10.  **Jun Ho Choi**
     Sung Won Apt. 117 704
     San Hyun Dong Suji
     Yong In City, Korea 449840

11.  **Riaz Hirahara**
     3902 Maunahilu Street
     Honolulu, Hawaii 96818

12.  **Derrick C. Ikehara**
     P.O. Box 4598
     Yigo, GU 96929

13.  **Ian S. Jingao**
     1809 B Lanakila Ave.
     Honolulu, Hawaii 96817

14.  **Colin Lau**
     744 Hao Street
     Honolulu, Hawaii 96821

15.  **Ahn Quynh Le**
     1230 Alani Street
     Honolulu, Hawaii 96817

16. **Catherine M. Loudon**
    4240 Sonoma Terrace SE
    Port Orchard, Washington 98366

    221 Kapuni Street, Apt. A
    Honolulu, Hawaii 96815

17. **Ashley Ann McDonough**
    2203 St. Louis Drive
    Honolulu, Hawaii 96816

18. **Marci Nagasawa**
    1345 Anapa Street
    Honolulu, Hawaii 96818

19. **Jennifer Ohara**
    1676 Ala Moana Blvd., Apt. 606
    Honolulu, Hawaii 96815

20. **Sasha Sogi**
    264 Kaiulani Ave., Apt 7
    Honolulu, Hawaii 96815

21. **Drusilla K. Toa**
    1857 Kahakai Drive F
    Honolulu, Hawaii 96814

22. **Tianna K. Tong**
    P.O. Box 161252
    Honolulu, Hawaii 96816

23. **Bryan Valencia**
    4182 Kula Place
    Lihue, Hawaii 96766

24. **Joo Hee Yamada**
    No contact information available

25. **Tambrie Yamada**
    1987 Iwi Way
    Honolulu, Hawaii 96816

26. **Erin Akemi Yamane**
    3244 Catherine Street
    Honolulu, Hawaii 96815

27.  **Michelle Young**
No contact information available

28.  Any person listed in Plaintiff's or other parties' Pre-Trial Statements, Disclosure Statements or any amendments or supplements thereto.

29.  Custodians of Records as deemed necessary.

30.  Defendant CALFEE reserves the right to call additional and/or rebuttal witnesses as necessary.

## XI.  Exhibits, Schedules and Summaries

The following is a preliminary exhibit list:

| Bates No. | Description |
|---|---|
|  | KCC academic calendar.  Sponsoring witness - any of the individual defendants. |
| A00253 - A00255, A00450 - A00453 | Banner student enrollment sheet for Calfee's English 100 class for 2003 Fall semester. Sponsoring witness - Calfee. |
| A00454 | English 100 Summary Assignment.  Sponsoring witness – Calfee |
| A00455 - A00458 | Fall 2003 English 100 Class Syllabus.  Sponsoring witness – Calfee |
| A00459 | Fall 2003 English 100 Tentative Schedule of Assignments.  Sponsoring witness – Calfee |
| A00460 | Fall 2003 English 100 Attendance Schedule. Sponsoring witness - Calfee |
| A00461 - A00479 | Fall 2003 English 100 Student Feedback Survey. Sponsoring witness - Calfee |
| A00400 - A00447 | Syllabi, course materials from English classes at other institutions of higher learning.  Sponsoring witness - Calfee. |

| Bates No. | Description |
|---|---|
| A00186, A00185, A00183, A00182, A00180 A00179 | Progress sheets with entries from 1/13/04 to 3/5/03. Sponsoring witness – individual defendants and/or author(s) of the documents. |
| A00256-A00264 | UH Community Colleges Procedures and Guidelines Relating to Complaints of Discrimination, CCM#2210 (May 1991). Sponsoring witness – individual defendants. |
| A00047 | Hand written notes dated 2/9/03, re meeting between McAllister and Morton. Sponsoring witness – Morton. |
| A00160 | Handwritten notes dated 3/12/03 noting semesters from Fall 02 to Summer 06 with a few classes listed under the semester headings. Sponsoring witness – individual defendants and/or author(s) of document. |
| A00169 | Handwritten note dated "Sp '03" from Laurie Hirohata to Joselyn Yoshimura and Mona Lee recommending that the McAllister withdraw from her class. Sponsoring witness – Laurie Hirohata. |
| A00163 | Computer printout dated 6/23/03 of Advising Document of Student Academic History for McAllister for Fall 2002 to Fall 2003. Sponsoring witness – individual defendants.. |
| A00162 | Computer printout dated 7/17/03 of Advising Document of Student Academic History for McAllister for Fall 2002 to Fall 2003. Sponsoring witness – individual defendants.. |
| A00253 - A00255 | Computer screen printout of Summary Faculty Class List: Fall 2003 for ENG 100. Sponsoring witness – individual defendants. |
|  | 75 *Readings an Anthology* by Sanit V. Buscemi and Charlotte Smith, 9th Edition (20 pages). Sponsoring witness – Calfee. |
|  | 40 *Model Essays: A Portable Anthology* (13 pages). Sponsoring witness – Calfee. |
| A00079 | Computer screen printout showing McAllister's change in sections for ENG 100 on 9/8/03. Sponsoring witness – individual defendants. |

| Bates No. | Description |
|---|---|
| A00188 | Email dated 9/10/03 from James Nishimoto to Kristin Blanchfield, John Morton, Doris Ching, Leon Richards, Mona Lee, Eva Sekimoto, David McClain re his followup to McAllister's request to speak to the president.  Sponsoring witness - John Morton and James Nishimoto. |
| A00187 | Email dated 9/10/03 from Joselyn Yoshimura to Mona Lee asking how should she deal with McAllister coming to her office every day this week. Sponsoring witness - Mona Lee. |
| A00192 | Email dated 9/25/03 from Joselyn Yoshimura to Mona Lee re progress update on McAllister.  Sponsoring witness - Mona Lee. |
| A00210 | Typed page re: McAllister, ENG 100, Fall 2003 and the requirements that must be met to attain the noted grade.  Sponsoring witness - Francisco Acoba. |
| A00210 - A00213 | Computer screen printout of ENG 100 requirements and syllabus.  Sponsoring witness - Francisco Acoba. |
| A00077 | Typed note date of a list of meeting with faculty from 10/16 to 10/20.  Sponsoring witness - Francisco Acoba. |
| A00209 | Email dated 10/27/03 from James Nishimoto to Doris Ching, cc John Morton and Mona Lee, re her question on McAllister's complaint that changes haven't been made yet.  Sponsoring witness - James Nishimoto, John Morton, and Mona Lee. |
| A00225 | Advising Document dated 12/8/03 of Student Academic History for McAllister from Fall 2002 to Fall 2003.  Sponsoring witness - Plaintiff. |
| A00231 | Email dated 12/2/03 from Mona Lee to John Morton re the status of her academic advising sessions with McAllister.  Sponsoring witness - Mona Lee and John Morton. |
| A00105 | Request for Grade of Incomplete form for McAllister dated by instructor on 12/16/03 for CHEM 100, Fall 2003.  Sponsoring witness - Plaintiff. |

| Bates No. | Description |
|-----------|-------------|
| A00117 | Request for Grade of Incomplete form for McAllister dated by instructor on 12/22/03 for ENG 100, Fall 2003.  Sponsoring witness – Plaintiff. |
| A00223 | Computer screen printout of Course Summary Form for McAllister with handwritten notes and date of 1/04.  Sponsoring witness – Plaintiff. |
| A00060 | Typed document of Proposed Schedule for John McAllister, Spring 2004.  Sponsoring witness – Plaintiff and Mona Lee. |
| A00062 | Advising document dated 1/2/04 of Student Academic History for McAllister from Fall 02 to Fall 03. Sponsoring witness – Plaintiff and Mona Lee. |
| A00314 – A00318 | Academic Progress Record for McAllister; email dated 9/11/03 from Reyna Iwamoto to Mona Lee re placing McAllister on financial aid probation; Advising Document dated 2/6/04 of Student Academic History for McAllister from Fall 03 to Spring 04; Advising Document dated 11/7/03 of Student Academic History for McAllister for Fall 02 to Fall 03; and Advising Document dated 9/11/03 of Student Academic History for McAllister for Fall 02 to Fall 03.  Sponsoring witness – Mona Lee. |
| A00061 | Advising Document dated 1/8/04 of Student Academic History for McAllister for Fall 02 to Spring 04. Sponsoring witness – Plaintiff and Mona Lee. |
| A00276 – A00277 | Email dated 1/8/04 from Francisco Acoba to Coleen Araki, Financial Aid in response to her question to determine McAllister's last date of attendance. Sponsoring witness – Francisco Acoba. |
| A00279– A00281 | Email dated 1/20/04 from Mona Lee to Coleen Araki in response to her email about McAllister's last date of attendance.  Sponsoring witness – Mona Lee. |
| A00278 | Email dated 2/9/04 from Reyna Iwamoto to Coleen Araki re McAllister's last day of attendance as per Naresh Pandya.  Sponsoring witness – Mona Lee. |

| Bates No. | Description |
|---|---|
| A00046 | Letter dated 2/9/04 from John Morton to McAllister summarizing discussion held that day re classes and loan payment schedule.  Sponsoring witness - John Morton. |
| A00249-A00250; A00251-A00252 | Two copies of Advising Document dated 2/15/05 of Student Academic History for McAllister of Spring 04 to Spring 05.  Sponsoring witness - Plaintiff and Mona Lee. |
| | UH KCC, General Catalog 2003-2005.  Sponsoring witness - individual defendants. |
| | High School Journalism Lesson Plans, dated 12/23/04.  Sponsoring witness - individual defendants. |
| | Selected pages from American Collection Educators Site, including "Examining Language in 'Cora Unashamed" by Sheryl Row, printed on 12/23/04.  Sponsoring witness - individual defendants. |
| | Illinois Valley Community College English Composition 1, printed on 12/23/04.  Sponsoring witness - individual defendants. |
| | Syllabus for ENG 232-01, Language Awareness printed on 12/23/04.  Sponsoring witness - individual defendants. |
| | Virginia Tech English Graduate Teaching Assistant Website, printed on 12/23/04.  Sponsoring witness - individual defendants. |
| | Case Western Reserve University, Textbooks, printed on 12/23/04.  Sponsoring witness - individual defendants. |
| | Penn State English Department Homepage, English 100 Course Schedules for Summer 2002 and Spring 2003, printed on 12/23/04.  Sponsoring witness - individual defendants. |
| | Course Action Request Form and Kapi'olani Community College University of Hawai'i Course Outline for ENG 100 Composition I.  Sponsoring witness - John Morton. |

Defendant CALFEE reserves the right to add additional documents and/or transcripts of depositions disclosed or taken as allowed by the applicable rules of procedure.

## XII. <u>Further Discovery or Motions</u>

A. <u>Discovery</u>. All discovery has been completed.

B. <u>Motions</u>: The only pending motions at this time are the Defendants' Motions in Limine. Additional Motions in Limine are expected to be filed by July 18, 2006.

## XIII. <u>Stipulations</u>

None at this time.

## XIV. <u>Amendments and Dismissals</u>

None at this time.

## XV. <u>Settlement Discussion</u>

On September 6, 2005, a settlement conference in this matter was held before Magistrate Judge Barry M. Kurren. The parties were unable to arrive at a settlement. A settlement conference is currently scheduled for June 29, 2006 at 2:00 p.m. before Magistrate Judge Kurren.

## XVI. <u>Agreed Statement</u>

The presentation of this action, in whole or in part, upon an agreed statement of facts is neither feasible nor desired.

## XVII. <u>Bifurcation, Separate Trial of Issues</u>

Bifurcation of trial is neither feasible nor desired.

-26-

## XVIII.   Reference to Master or Magistrate Judge

Defendant CALFEE would be willing to consider this possibility.

## XIX.   Appointment and Limitation of Experts

At this time, no expert witnesses are expected to be called.

## XX.   Trial.

Trial is currently set to commence on August 8, 2006 before the Honorable Michael Seabright.  Trial will be before a jury, as it was timely demanded by Plaintiff at the time the Complaint was filed.

## XXI.  Estimate of Trial Time

It is anticipated that trial will be completed in 2 weeks.

## XXII.   Claims of Privilge or Work Product

None at this time.

## XXIII.   Miscellaneous

None.

DATED:  Honolulu, Hawaii, June 20, 2006.


        /s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
KAREN Y. ARIKAWA
Attorneys for Defendant
**JANE CALFEE**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN MCALLISTER, | ) | Civil No. CV 04 00625JMS BMK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| UNIVERSITY OF HAWAI`I; | ) | |
| KAPIOLANI COMMUNITY COLLEGE; | ) | |
| JANE CALFEE, Instructor at | ) | |
| Kapiolani Community College; | ) | |
| RICHARD DOE, Academic Counselor | ) | |
| at Kapiolani Community College; | ) | |
| JILL MAGNAGON, Director of | ) | |
| Academic Counseling at | ) | |
| Kapiolani Community College; | ) | |
| MONA LEE, Dean of Student | ) | |
| Services at Kapiolani Community | ) | |
| College, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was duly

served on the following parties by electronic mail through CM/ECF

on this date to their last known addresses:

ANDRE S. WOOTEN, ESQ.
1188 Bishop Street
Century Square, Suite 1909
Honolulu, Hawaii 96814

Attorney for Plaintiff
**JOHN MCALLISTER**

RUTH I. TSUJIMURA, ESQ.
RYAN M. AKAMINE, ESQ.
CHRISTINE TAMASHIRO, ESQ.
University of Hawaii
2444 Dole Street, Bachman Hall 110
Honolulu, Hawaii 96822

Attorneys for Defendants
**UNIVERSITY OF HAWAII, KAPIOLANI
COMMUNITY COLLEGE, JILL MAKAGON
(incorrectly identified as Jill
Magnagon) and MONA LEE**

DATED:  Honolulu, Hawaii, June 20, 2006.


            /s/ Gregg M. Ushiroda
            JOHN T. KOMEIJI
            GREGG M. USHIRODA
            KAREN Y. ARIKAWA
            Attorneys for Defendant
            **JANE CALFEE**