**ORIGINAL**

ANDRE S. WOOTEN      #3887
ATTORNEY AT LAW
1188 BISHOP STREET
SUITE 1909
HONOLULU, HI 96813
TEL: 808-545-4165

ATTORNEY FOR PLAINTIFF

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 2 1 2006

at __ o'clock and __ min.__M
SUE BEITIA, CLERK

IN UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOHN MCALLISTER;<br><br>      Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF HAWAII;<br>KAPIOLANI COMMUNITY COLLEGE;<br>JANE CALFEE, Instructor at<br>Kapiolani Community College;<br>RICHARD DOE, Academic<br>Counselor at Kapiolani<br>Community College;<br>JILL MAGNAGON, Director of<br>Academic Counseling Services<br>at Kapiolani Community<br>College;<br>MONA LEE, Dean of Student<br>Services at Kapiolani<br>Community College;<br><br>      Defendants. | CIVIL NO. CV04-00625 JMS/BMK<br><br>PLAINTIFF'S FINAL PRETRIAL<br>STATEMENT;<br>CERTIFICATE OF SERVICE<br><br><br><br><br><br><br><br>Conference:  June 27, 2007<br>Time:  9:00 am<br>Judge: Hon. Barry Kurren<br><br><br>Trial Date: August 8, 2006<br>Judge: J. Michael Seabright |

PLAINTIFF'S FINAL PRETRIAL STATEMENT

The Plaintiff JOHN MCALLISTER hereby files his final Pretrial Statement pursuant to Local Rule 16.6.

**(a) Party.**

This Pretrial Statement is filed on behalf of the Plaintiff.

**(b) Jurisdiction and Venue.**

-1-

The Plaintiff claims the following grounds for federal jurisdiction:

7. The Plaintiff invokes the original and pendent jurisdiction of this Court pursuant to the common law and 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and 42 U.S.C. § 2000e-5(f). Additionally, the amount in controversy is substantially in excess of $75,000.00 pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a)(1).

8. The Plaintiff also invokes the pendent jurisdiction of this Court. This is an action authorized and instituted pursuant to the Civil Rights Act of 1866 and Title VI of the Civil Rights Act of 1964, 1968, 1972, as amended, and by 42 U.S.C. § 1981A, 42 U.S.C. § 1988 and §§ 451, 1331, 1337, and 1343 of Title 28, United States Code.

9. Federal Constitution and Civil Rights law violations confer original jurisdiction upon this court pursuant to Federal Civil Rights Law pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3) and under pendant jurisdiction with respect to the causes of action arising under state common law and statutes pursuant to Title 28 U.S.C. and tort. The jurisdiction of the Court is invoked to secure the protection of Civil Rights and to redress deprivation of rights, privileges, and immunities secured by a) 14th Amendment to the United States Constitution, Section 1; b)

the Commerce Clause, Article 1, Section 8, Clause 3 of the United States Constitution; c) Title 2 of the Civil Rights Act of 1964, 78 STAT 243, 42 U.S.C. § 2000(a) at seq. Providing for injunctive relief against discrimination and places of public accommodation; and d) 42 U.S.C. § 1981, providing for the equal rights of citizens and all persons within the jurisdiction of the United States.

**(c) Substance of Action.**

The Plaintiff's causes of action against the Defendants are the following:

1. Violation of 14th Amendment, Title VI, § 901(a), 20 U.S.C. § 161(a)
2. Intentional Infliction of Emotional Distress
3. Violation of 42 U.S.C. §§ 1981 and 1981A
4. Violation of 42 U.S.C. § 1983
5. Violation of State of Hawaii Constitution
6. Violation of 42 U.S.C. § 1982
7. Violation of 42 U.S.C. § 1985
8. Punitive Damages

**(d) Undisputed Facts.**

1. Plaintiff is and was a resident of the City and County of Honolulu, in the State of Hawaii.
2. Defendant University of Hawaii is the state university and is authorized as a body corporate pursuant to

        Chapter 304 of the Hawaii Revised Statutes ["HRS"].

3. Kapiolani Community College ["KCC"] is a community college within the University of Hawaii system.

4. Plaintiff was an African-American student at Defendant University of Hawaii's KCC campus, and was a student in Defendant Calfee's English class.

5. The University of Hawaii receives funding from the State of Hawaii and the federal government and is subject to applicable laws.

6. The University of Hawaii at Manoa and KCC are located in the City and County of Honolulu, in the State of Hawaii.

7. Defendant Jane Calfee is and was at all relevant times employed by Defendant University of Hawaii, and acted within the scope and course of her employment.

8. Defendant Jill Makagon nka Abbott is and was at all relevant times employed by Defendant University of Hawaii, and acted within the scope and course of her employment.

9. Defendant Mona Lee is and was at all relevant times employed by Defendant University of Hawaii, and acted within the scope and course of her employment.

10. Defendant Calfee led a discussion in her English class on an essay written by author Gloria Naylor, entitled

"The Meaning of a Word". During which she repeated urged students to say the "N....r" word when they did not want to. And when Plaintiff asked to speak about the course work, she told him he could not and if he did not like her course material he could find another English class. Then the Defendants had Plaintiff removed from that class without his request or agreement. Resulting in an "F" grade, which reflected his inability to obtain a non-discriminatory education experience at KCC.

**(e) Disputed Factual Issues.**

1. The parties dispute liability and damages.
2. The parties dispute whether the Defendants are responsible for the actions of Defendant Richard DOE. And whether as a result, Plaintiff was denied a fair opportunity at a non-discriminatory public education.
3. The parties dispute whether Defendant University of Hawaii is responsible for the KCC student newspaper, the Kapio. And whether the publication of numerous issues of the paper constantly using the "N...r" word demonstrated that there was or created a "hostile educational environment" for the black students at KCC.

**(f) Relief Prayed.**

The Plaintiff prays for monetary damages and injunctive

relief.

**(g) Points of Law.**

The Plaintiff's positions are stated in the Plaintiff's Settlement Conference Statement.

**(h) Previous Motions.**

The Plaintiff filed Plaintiff's Motion to Compel Production of Documents. Defendants have filed certain motions to dismiss set for hearing Oct. 3, 2005.

**(i) Witnesses to be Called.**

1.  JOHN McALLISTER.
    C/o Atty. Andre' Wooten
    1188 Bishop Street, Suite 1909
    Honolulu, Hawaii   96813

Will testify as to facts and circumstances of this case.

2.  JANE CALFEE.
    C.O Office of the University General Counsel
    WALTER S. KIRIMITSU, ESQ.
    University of Hawaii
    2444 Dole St., Bachman Hall 110
    Honolulu, Hawaii  96822

Will testify regarding her repeated use of the "N" word in her class.

3.  RICHARD DOE. C.O Office of the University General Counsel

Will testify regarding denying Plaintiff tutoring services.

4.  JILL MAKAGON. C.O Office of the University General Counsel

Will testify regarding facts of the above.

5.  MONA LEE. C.O Office of the University General Counsel

Will testify regarding facts of the above.

6. LEON RICHARDS. C.O Office of the University General Counsel

Will testify regarding facts and circumstances of this case and his report.

7. JOHN MORTON. C.O Office of the University General Counsel

Will testify regarding facts and circumstances of this case and his report.

8. JAMES NISHIMOTO. C.O Office of the University General Counsel

Will testify regarding facts and circumstances of this case and his report.

9. ANTHONY WIGGINS. Will testify regarding his treatment as a teacher at Kapiolani Community College.

10. SHEILA RHODES. C.O Office of the University General Counsel

Will testify regarding facts and circumstances of Plaintiff's denial of tutoring at Kapiolani Community College.

11. DR. SHARON ROWE. C.O Office of the University General Counsel

Will testify regarding facts and circumstances of this case.

12. CRYSTAL SALLEY. Former student at Kapiolani Community College. Will testify regarding facts and circumstances of this case.

13. GEMMA WILLIAMS. C.O Office of the University General Counsel Counselor at Kapiolani Community College. Will testify regarding facts and circumstances of this case.

14. JIM METZ. C.O Office of the University General Counsel

Math teacher at Kapiolani Community College. Will testify regarding facts and circumstances of this case.

15. SCOTT DAMON. C.O Office of the University General Counsel

Math teacher at Kapiolani Community College. Will testify regarding facts and circumstances of this case.

16. DENNIS KAWAHARADA. C.O Office of the University General Counsel

Head of English department. Will testify regarding facts and circumstances of this case.

17. JOAN WATSON, M.D. Doctor Veteran's Administration

She treated Plaintiff for stress due to racist treatment at Kapiolani Community College. Will testify regarding facts and circumstances of this case.

18. MALCOLM PALMER. Plaintiff's V.A. counselor. Veteran's Administration.   Will testify regarding V.A. communication with Kapiolani Community College regarding Plaintiff.

19. MIMI YEN. Teacher at Kapiolani Community College. C/O Office of the University General Counsel .   Will testify regarding facts and circumstances of this case.

20. KATHRYN TAKARA, Ph.D. Professor of Ethnic Studies at the University of Hawaii.

C/o Atty. Andre' Wooten
1188 Bishop Street, Suite 1909
Honolulu, Hawaii

Will testify regarding proper use of "N----r" at University campus and effect on black students and education process.

21. All persons named in the Defendant's discovery and all witness lists.

**(j) Exhibits, Schedules, Summaries.**

1. KCC's academic calendar.
2. Handouts, schedules, class roster, reading materials.
3. Correspondences between Plaintiff and Defendants.
4. Financial aid documentation.
5. Academic records.
6. Notes taken by Sheila Rhodes.
7. Correspondences between Plaintifff and Department of Education.

**(k) Further Discovery or Motions.**

A statement of all remaining discovery or motions.

**(l) Stipulations.**

A statement of stipulations requested or proposed for pretrial or trial purposes.

**(m) Amendments, Dismissals.**

None.

**(n) Settlement Discussion.**

On September 6, 2005, a settlement conference in this matter was held by Magistrate Judge Barry Kurren. The parties were unable to arrive at a settlement, and based on those discussions

with the Defendants refusing to put any payment of damages on the table, further negotiations are likely to be unproductive.

**(o) Agreed Statement.**

Presentation of this action, in part, upon an agreed upon statement may be feasible.

**(p) Bifurcation, Separate Trial of Issues.**

Not necessary.

**(r) Appointment and Limitation of Experts.**

None.

**(s) Trial.**

Trial is scheduled to begin on November 15, 2005 at 9:00am. Jury trial was timely requested.

**(t) Estimate of Trial Time.**

Plaintiff estimates five days.

**(u) Claims of Privilege or Work Product.**

None.

DATED: Honolulu, Hawaii    June 20, 2006

_____
ANDRE S. WOOTEN
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Foregoing Defendant was duly served upon the following parties at their last-known address by means of hand delivery or by U.S. Mail, postage prepaid, on ___June 21, 2006___.

    RYAN M. AKAMINE, ESQ.    (U.S. Mail)
    Associate General Counsel
    CHRISTINE TAMASHIRO, ESQ.
    Assistant General Counsel
    University of Hawaii
    2444 Dole Street, Bachman Hall 110
    Honolulu, Hawaii 96822

    Attorneys for Defendants
    UNIVERSITY OF HAWAII,
    KAPIOLANI COMMUNITY COLLEGE,
    JANE CALFEE, JILL MAKAGON and
    MONA LEE

    JOHN T. KOMEIJI, ESQ.    (Hand Delivery)
    GREGG M. USHIRODA, ESQ.
    KAREN Y. ARIKAWA, ESQ.
    23rd Floor, First Hawaiian Center
    999 Bishop Street
    Honolulu, Hawaii 96813

    Attorneys for Defendant
    JANE CALFEE

DATED: Honolulu, Hawaii, __June 20, 2006__.

_____
ANDRE' S. WOOTEN
Attorney for Plaintiff